# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 9, 2010

Charles R. Fulbruge III
Clerk

No. 09-50104
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURO TORRES-CORONADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2171-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mauro Torres-Coronado (Torres) appeals his guilty-plea conviction for conspiracy to import more than five kilograms of cocaine, in violation of 21 U.S.C. § 963.  For the first time on appeal, he contends that the district court's failure at rearraignment to admonish him properly regarding the consequences of his plea, pursuant to FED. R. CRIM. P. 11, rendered his guilty plea unknowing and involuntary.  Specifically, Torres complains that the district court did not advise him of his right (1) to plead not guilty and to persist in that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea, (2) to appointed counsel at all stages, (3) to testify, or (4) to compulsory process, in violation of Rule 11(b)(1)(B), (D), and (E).

As Torres did not object to the Rule 11 colloquy, we review his contentions for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Torres must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Torres is correct that the admonishments about which he complains were not specifically included in the Rule 11 colloquy. He has waived this claim, however, by failing to brief any argument that, had he been properly admonished, he would not have pleaded guilty. Thus, he has failed to demonstrate that his substantial rights were affected by the district court's omissions. *See Dominguez Benitez*, 542 U.S. at 83; *see also United States v. Skilling*, 554 F.3d 529, 568 n.63 (5th Cir.), *cert. granted*, 130 S. Ct. 393 (2009). Furthermore, even if Torres had briefed this argument, he would not have prevailed. The record establishes that the district court's variances cannot reasonably be deemed to have affected Torres's decision to plead guilty and thus do not rise to the level of plain error. *See Dominguez Benitez*, 542 U.S. at 83. AFFIRMED.